UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WARD HOFFMANN,

                                Plaintiff,

                                                                 DECISION AND ORDER

                                                                  09-CV-6251L

                      v.

AIRQUIP HEATING & AIR CONDITIONING,

                                Defendant.
_____

       Plaintiff, Ward Hoffmann ("plaintiff" or "Ward"), was employed for several years by defendant Airquip Heating & Air Conditioning ("Airquip"), until his departure in September 2008. As will be discussed below, Ward has filed a number of complaints against Airquip, alleging discrimination in his employment. Such proceedings are not unusual in this Court: what is unique is that plaintiff is in effect suing his older brother, Mark Hoffmann, who is an owner and CEO of Airquip.

       Obviously, the law does not foreclose anyone from initiating litigation against a close relative, but upon close examination, all indications are that this lawsuit is the result of little more than a squabble between two brothers. Ward became upset with his brother Mark, told him so, took several actions to disrupt the Airquip office and damage its equipment, and abruptly "quit." Now, perhaps having second thoughts about his actions, he seeks legal redress. This is not the stuff of a federal court action for employment discrimination and, therefore, this action should be dismissed.

       Ward filed his original complaint (Dkt. #1) in May 2009. In that complaint, Ward alleged that he was discriminated against on account of age in violation of the Age Discrimination and Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and New York State Human Rights Law, N.Y.

Exec. Law §§290 et seq. ("NYHRL"). Plaintiff also initially included an untenable claim of retaliation under the Worker's Compensation Law. Defendant moved to dismiss the Worker's Compensation cause of action, and soon after the motion was filed, plaintiff stipulated to withdraw and dismiss that cause of action (Dkt. #10).

Thereafter, because Ward failed on several occasions to attend his scheduled deposition, defendant moved for an order compelling his attendance and for sanctions. United States Magistrate Judge Jonathan W. Feldman heard the motion, ordered Ward to appear for his deposition and imposed a $500 sanction for the costs incurred in bringing the motion. The Court also ordered discovery to be completed by March 8, 2010.

Soon after entry of that order, plaintiff moved to amend the complaint (Dkt. #20). Plaintiff sought to add claims for discrimination under the alternate theory of disability or perceived disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §12101 et seq., and the NYHRL. Defendant opposed the motion to amend, and cross-moved for summary judgment (Dkt. #23). Magistrate Judge Feldman granted plaintiff's motion to amend and gave defendant leave to file a supplemental motion for summary judgment (Dkt. #28).

Plaintiff's amended complaint (Dkt. #29) seeks relief for discrimination in employment based on both age and disability. Defendant has again moved for summary judgment dismissing the amended complaint (Dkt. #33). For the reasons discussed below, that motion is granted, and the amended complaint is dismissed with prejudice.

**DISCUSSION**

Familiarity with the underlying facts is presumed. Although Ward strains to elevate his dealings with Mark Hoffman from a petty argument to a federal case, his assertion of age and disability discrimination claims cannot mask the true nature of the underlying dispute. The apparent basis for this lawsuit is nothing more than an encounter between two brothers which caused the younger, Ward, to react in a totally unprofessional and unwarranted manner.

Ward admitted at his deposition that he stalked out of work on August 28, 2008. He stated that he was angry because Mark Hoffman was preparing to meet with an employee about a serious matter, a matter about which Ward had apparently told Mark Hoffman in confidence. Ward believed that Mark Hoffman had "ratted" on him, by telling the employee that Ward was the person who had informed management about that employee's conduct.

Ward testified that he felt Mark Hoffman had "screwed [him] over," and therefore left work in a rage. He concedes that along the way, he overturned trash cans, scattered materials over a desk and onto the floor, left his key to the building on a shop table, and deliberately neglected to set the office security alarm. Furthermore, in a spectacular display of immaturity, he took a company car, drove it to a local shopping mall, left the lights on, locked the doors and abandoned the vehicle. Naturally, the car's battery went dead, requiring effort later by others to retrieve it. (Dkt. #23-3, Exh. 14 at 95-100, 109-113; Dkt. #33-2, ¶¶ 14-16).

Ward also contacted another Airquip employee and advised the employee that he had quit his employment. Although some efforts were made by Mark Hoffman and others to mollify Ward, those efforts at reconciliation failed. Ward has not worked since August 28, 2008, and his employment was considered terminated as of September 14, 2008. Ward claims that the "tension" of the episode with his brother on August 28, 2008 disabled him entirely from working, and has caused him to remain disabled for the past two years.

Discrimination claims under the ADEA are subject to the burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973): the plaintiff must establish a *prima facie* case by demonstrating membership in the protected class, an adverse employment action, and circumstances suggesting discrimination. The employer must then show that it had a legitimate, non-discriminatory reason for adverse employment action at issue, and the plaintiff must then show that the proffered reason is a pretext. *See Terry v. Ashcroft*, 336 F.3d 128, 138-39 (2d Cir. 2003). ADA claims require a similar burden-shifting test, except that the plaintiff's *prima facie* case is demonstrated through proof that: (1) his employer is subject to the ADA; (2) he

was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *See Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003)*; Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).

Initially, I believe the evidence indicates that Ward resigned his employment, and that therefore he has not suffered an adverse employment action sufficient to make out a *prima facie* claim of age or disability-based discrimination. However, even assuming *arguendo* that Ward's departure from Airquip was a termination, I conclude that Ward's claims must nonetheless be dismissed, because he has failed to raise a legitimate issue of fact concerning whether that the stated reason for that termination is pretextual.

The only fact upon which Ward relies in support of his ADEA claim is that Ward, who left Airquip at age 42, was eventually replaced by a younger employee. Replacement by a younger employee is generally sufficient to establish a *prima facie* case of age-based discrimination. *See Tutko v. James River Paper Co., Inc.*, 1999 U.S. App. LEXIS 28455 at *2 (2d Cir. 1999). Assuming that Ward's initial burden has been met, however, Ward has not produced a shred of evidence to rebut Airquip's legitimate, non-discriminatory reason for his termination: his unprofessional tirade and abandonment of his job. Clearly, the evidence demonstrates that Ward's age had nothing to do with the termination of his employment, and plaintiff's memorandum (Dkt. #35) in opposition to defendant's motion for summary judgment makes but feeble mention of the claim.

The claim of disability discrimination is also not supported by any reasonable review of the evidence. Ward's difficulties and the triggering event leading to his termination were wholly unrelated to any alleged disability or inability to perform work adequately, and Ward's testimony attributes his departure solely to his anger over his brother "screwing him over," and not to his recent return from medical leave or any restrictions imposed thereby. In fact, Mark Hoffman had taken significant steps to accommodate his brother by hiring "helpers" to assist in some of the sheet metal work that was part of his job at Airquip. Again, there is no evidence in the record that Ward's

termination was precipitated by anything other than his own actions: his temper tantrum, the physical damage he caused to company property, and his blatant acts of disloyalty to the company. Indeed, it is not difficult to imagine that had Ward not been related to Mark Hoffman, his termination would have been immediate, and there would have been no efforts at reconciliation.

"Personal animosity is not the equivalent of . . . discrimination and is not proscribed by [federal anti-discrimination laws.] The plaintiff cannot turn a personal feud into a . . . discrimination case by accusation." *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1984). *See also Bilingslea v. Ford Motor Co.,* 2010 U.S. Dist. LEXIS 125946 at *26 (W.D.N.Y. 2010) ("personal animosity is not the equivalent of discrimination"), *quoting Neratko v. Frank*, 31 F.Supp.2d 270, 284 (W.D.N.Y. 1998). At this stage, Ward may no longer stand on the pleadings or mere generalities, but must come forward with sufficient evidence to demonstrate that there is a material issue of fact with respect to whether Airquip's stated reason for the termination of his employment is a pretext. In my view, Ward has completely failed to meet that required burden.

I am also unpersuaded by plaintiff's claim that he requires more discovery. Magistrate Judge Feldman set reasonable discovery deadlines. There has been ample time for discovery and, in my view, based on the undisputed facts and record here, further discovery would not change the result.

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #23) and supplemental motion for summary judgment (Dkt. #33) are granted and plaintiff's amended complaint is dismissed with prejudice.

Plaintiff's cross-motion (Dkt. #35) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 27, 2011.